## MARY CONKLIN v. GEORGE D. NILES.

*Charge of court; no error in applying the testimony in this case.*

Complainant testified that she had intercourse with the defendant June 12th and July 10th, and at no other time, fixing these dates by a reference to other dates, the correctness of which she assumed. Defendant claimed that he was not with the complainant from June 7th to June 14th. The court instructed the jury that it was immaterial whether the defendant was out of the State June 12th, if he begot the child before or after. *Held,* no error, since the complainant did not fix that date with such definiteness as to preclude the possibility of mistake.

This was a complaint charging the defendant with having begotten the bastard child of the plaintiff. Trial by jury at the June Term, Bennington County, 1888, VEAZEY, J., presiding. Verdict and judgment for the plaintiff; exceptions by the defendant. The case appears in the opinion.

*Batchelder & Barber,* for the defendant.

The court, by withdrawing the attention of the jury from the positive testimony of the plaintiff and the claim of the defendant in reference to it, prejudiced the defendant. *Brackett* v. *Wait,* 6 Vt. 428; *Fletcher* v. *Cole,* 26 Vt. 176; *Armstrong* v. *Colby,* 47 Vt. 360.

*J. C. Baker,* for the plaintiff.

The opinion of the court was delivered by

ROWELL, J. The complaint alleges that the child was begoten on March 28th, 1886. The complainant testified positively that she had intercourse with the defendant on the day alleged and on the 12th of June and the 10th of July following, at Shaftsbury, and at no other time and on no other occasion. She had no memorandum of the occurrences, and did not profess to fix the dates from memory, but associated each occasion with

some other event by which, from her recollection and the testimony and statements of others, she was enabled to fix these dates, and in fixing them, she assumed that the persons referred to were correct as to the time of the happening of such other events.

There was no testimony tending to show that defendant had intercourse with her at any other time except as testified to by her.

The child was born at a time that showed it could not have been begotten as early as March 28th, and it was not claimed on trial that it was begotten then ; and the defendant introduced evidence that he was out of the State from the 7th to the 14th of June, and so could have had no intercourse with the complainant on the 12th of June, as she testified.

The court charged that if the defendant *was* out of the State on June 12th, as he claimed, and the claimant was *mistaken* as to that date, it was wholly immaterial, if the jury found that defendant begot the child before or after that date.

Defendant claims that this was error, because, he says, the jury should have been limited, in view of the complainant's testimony and claim, to finding that the child was begotten either on June 12th or July 10th ; that there was no evidence tending to show that it was begotten at any other time.

But the date of June 12th was not fixed by the complainant with a certainty that precluded the idea of mistake. The *occasion* to which she assigned that date might have been on some other date before or after that time, and the jury was well given liberty to infer and find that from all that appeared in the case. *Powers* v. *Leach*, 26 Vt. 270.

*Judgment affirmed, with interest from the times of payment fixed below, and additional costs ; and the times of payment are extended so as to be the same from this term that they were from the term at which judgment was rendered below.*